IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DWAYNE SMITH,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| v. | : | |
| | : | |
| **DEREK OBERLANDER, et al.,** | : | |
| *Respondents*. | : | **NO. 22-cv-2671** |

<u>**MEMORANDUM**</u>

**KENNEY, J.**                                                                                                          **JULY 19, 2023**

### I.  INTRODUCTION

Dwayne Smith ("Petitioner"), proceeding *pro se*, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges the following: (1) one instance of the lower court violating the Pennsylvania Rule of Criminal Procedure 567 and Petitioner's State and Federal rights to present an alibi defense; (2) two instances of ineffective assistance of trial counsel; and (3) one instance of ineffective assistance of appellate counsel. The Honorable Magistrate Judge Scott W. Reid recommends that the Court deny the petition. Ultimately, the Court adopts Judge Reid's Report and Recommendation and provides additional discussion here. The Court also denies a certificate of appealability.

### II.  BACKGROUND AND PROCEDURAL HISTORY

The factual and procedural background of this case is outlined in the Report and Recommendation in detail and is reiterated here. ECF No. 11. On March 18, 2016, following a bench trial, Petitioner was convicted in the Court of Common Pleas of Philadelphia County of two counts of robbery, conspiracy to commit robbery, one count of burglary, two counts of terroristic

threats, possessing an instrument of crime, and related offenses. *Commonwealth v. Smith,* 245 A.3d 1103, 2020 WL 7692795 at *1 (Pa. Super. Dec. 28, 2020) (Table).

The charges against Petitioner stemmed from the July 1, 2015 robbery of Charles Marshall ("Marshall") and his wife, Erica Townsend ("Townsend") in their home. *Id.* Petitioner had previously lived with Marshall and Townsend in their home and was asked to leave at some point prior to the incident over a dispute involving Marshall and Townsend's television. *Id.* Petitioner remained in possession of the keys to the home and a "fob," a device which provides access to the building. *Id.*

Marshall and Townsend regularly withdrew money from a Money Access Center ("MAC") machine in the early morning hours on the first of the month, which is when funds from their social security checks became available. *Id.* Petitioner had driven Marshall and Townsend to the "MAC" machine on several of these occasions. *Id.* On the morning of July 1, 2015, Marshall and Townsend had withdrawn their funds as usual and returned back to their home. *Id.* Roughly half an hour after returning, they heard a knock on the door. *Id.* Assuming the knock was a friend Marshall had seen in the lobby, he opened the door to see Petitioner accompanied by an unknown male. *Id.* Petitioner pushed Marshall into the corner, put a gun to his head, and threatened to shoot him if he did not give up the money. *Id.* Petitioner then entered the bedroom, pointed the gun at Townsend and took $900 from Townsend. *Id.*

Video surveillance introduced by stipulation at trial showed Petitioner on the building's premises. *Id.* Further, the same key and "fob" device that Petitioner had been given when he lived with Marshall and Townsend were found in Petitioner's vehicle when he was stopped. *Id.* On August 1, 2016, following Petitioner's conviction, the Honorable Giovanni Campbell sentenced

Petitioner to an aggregate term of 11 1⁄2 to 25 years of imprisonment and five years of probation. *Id.*; Trial Tr. vol. 1, 39:16-17 (Aug. 1, 2016).

Petitioner filed a *pro se* motion for modification of sentence on August 12, 2016, followed by a counseled appeal on August 17, 2016. *Smith,* 2020 WL 7692795 at *2. On both September 26, 2016, and November 16, 2016, Petitioner filed a concise statement of errors as ordered by the trial court. *Id.* Petitioner then filed a Rule 1925(b) statement on December 7, 2016, and a supplemental statement on January 4, 2017. *Id*. The trial court filed its Rule 1925(a) opinion on February 13, 2017. *Id.*

Petitioner appealed his judgment of sentence to the Pennsylvania Superior Court asserting that the trial court erred when it prevented Petitioner from presenting his alibi defense by testifying to his whereabouts on the day of the robbery. *Commonwealth v. Smith,* No. 2687 EDA 2016, 2018 WL 1311889 at *1 (Pa. Super. Mar. 14, 2018). Petitioner cited to Pennsylvania Rule of Criminal Procedure 567(B)[1] which requires notice prior to the presentation of an alibi defense only when the alibi is being proved by evidence beyond the defendant's own statement. *Id.* at *2. In the opinion submitted to the Pennsylvania Superior Court, the trial court conceded that this was the law. *Commonwealth v. Smith*, CP-51-CR-9240-2015, 2687 EDA 2016 at 5 (Phila. C.C.P. Feb. 13, 2017). The trial court opined, however, that the argument was waived by trial counsel's failure to raise it at the time of the ruling. *Id.*

---

[1] Pennsylvania Rule of Criminal Procedure 567(B) provides the following: "If the defendant fails to file and serve the notice of alibi as required by this rule, the court may exclude entirely any evidence offered by the defendant for purposes of proving the defense, **except testimony by the defendant**, may grant a continuance to enable the commonwealth to investigate such evidence, or may make such other order as the interests of justice require." Pa. R. Crim. P. 567 (emphasis added)

In support of his appeal, Petitioner noted that, at trial, Petitioner testified that he was not at the victims' home on the date of the robbery, and instead was "hustling" at "Broad and Olney." *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 107:24-108:2. The judge then asked counsel whether there was a defense alibi and defense counsel affirmed there was not. *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 108:3-10. On cross examination, the prosecutor raised the question of Petitioner's whereabouts on the night of the robbery and asked Petitioner whether Petitioner had any witness who could testify that Petitioner was, in fact, at Broad and Olney on the night of the robbery. *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 108:24-109:2. Petitioner replied "[a]in't nobody here for me." *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 109:3. Defense counsel objected and, when questioned by the Court as to whether Petitioner was presenting an alibi, confirmed that Petitioner was presenting an alibi. *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 109:4-8. The Court then asked whether there was any notice, and the prosecutor stated that no notice was given. *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 109:5-15. Accordingly, the court struck that portion of Petitioner's testimony from the record. *Smith,* 2687 EDA 2016 at 5; Trial Tr. vol. 1, 109:5-15.

The Superior Court denied the appeal, observing that the trial court was within its right to exercise direction and allow Petitioner to testify to his whereabouts on the day of the robbery on direct examination and exclude part of the cross-examination testimony for failure to give proper notice when Petitioner was asked whether he had witnesses to support his claim. *Smith*, 2018 WL 1311889 at *3. Further, the Superior Court affirmed the trial court's view that that Petitioner waived this claim by failing to make a "timely, specific objection to the trial court," and instead answering "[y]es, sir" when the judge struck the alibi evidence. *Id.* The Superior Court also ruled that Petitioner had not given proper notice under Pa. R. Crim. Pr. 567, highlighting that 567 is designed to prevent surprising the prosecution and providing an opportunity to investigate the alibi

4

before trial (although this issue was not at dispute). *Id.* Petitioner did not seek review in the Pennsylvania Supreme Court. *Smith,* 2020 WL 7692795 at *2.

On August 3, 2018, Petitioner filed a timely petition for relief to appeal his conviction under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq. Id.* The court appointed counsel who then filed an amended PCRA petition on January 4, 2019. *Id.* On June 25, 2019, the PCRA court filed notice of its intention to dismiss the petition and on September 5, 2019, dismissed the petition. *Id.*

Petitioner then appealed the dismissal of his PCRA petition to the Pennsylvania Superior Court. *Id.* at *1. In his appeal, Petitioner argued: (1) the PCRA court erred in denying the petition without an evidentiary hearing; (2) trial counsel was ineffective in failing to file an alibi notice; (3) trial counsel was ineffective in failing to raise the issue that Petitioner did not have the opportunity to see the video surveillance evidence; (4) appellate counsel was ineffective for failing to argue that the verdict was against the weight of the evidence; and (5) appellate counsel was ineffective in failing to challenge the trial court's denial of the motion to reconsider sentence. *Id.* at *2.

The Pennsylvania Superior Court affirmed the PCRA court's denial of relief. *Id.* at *1. The Pennsylvania Supreme Court denied Smith's petition for allowance of appeal on November 30, 2021. *Commonwealth v. Smith*, 268 A.3d 378 (Pa. Nov. 30, 2021) (Table).

Petitioner then filed a habeas corpus petition for relief on July 6, 2022, claiming: (1) the trial court violated the Pennsylvania Rule of Criminal Procedure 567 and Petitioner's State and Federal rights to present a defense by preventing Petitioner from testifying to his own alibi; (2) trial counsel was ineffective for failing to file an alibi notice; (3) trial counsel was ineffective for failure to raise "the issue of the video surveillance"; (4) appellate counsel was ineffective for

failing to raise an issue that the verdict was against the weight of the evidence; and (5) appellate counsel was ineffective for failing to argue that the trial court erred in denying his motion to reconsider.  ECF No. 1.

### III.    STANDARD OF REVIEW

The federal courts' power to grant habeas relief is limited. A court cannot grant habeas relief unless the state court adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). State court determinations are presumed to be correct and are given great deference. *Rice v. Collins*, 546 U.S. 333, 344 (2006) (Breyer, J., concurring) (citing 28 U.S.C. § 2254(d)(2)). However, that deference is not unlimited. *See Saranchak v. Sec'y Pa. Dep't of Corr.*, 802 F.3d 579, 599 (3d Cir. 2015) (Federal habeas courts "accord no deference to a state court's resolution of a claim if that resolution was contrary to or reflected an unreasonable application of clearly established Supreme Court precedent," in which case the federal court reviews the underlying claim *de novo*.). To prevail in demonstrating that a state court result was contrary to clearly established federal law, Petitioner must demonstrate that the state court's application of federal law was "objectively unreasonable" as opposed to "merely incorrect." *Rosen v. Superintendent Mahanoy SCI*, 972 F.3d 245, 252 (3d Cir. 2020). Indeed, Supreme Court precedent must require a contrary outcome. *See id.*

For habeas petitions that claim ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that there was a "reasonable probability that, but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In establishing the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In other words, counsel's errors were "so serious as to deprive the defendant of a fair trial." *Id.* Courts "evaluate the conduct from counsel's perspective at the time," rather than with the benefit of hindsight, and "apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

Second, the petitioner must show prejudice resulting from counsel's deficient performance, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United Sates v. Scripps*, 961 F.3d 626, 632 (3d Cir. 2020). Indeed, the petitioner must show that counsel's error actually had an adverse impact on the defense. *See Strickland*, 488 U.S. at 693. An error at trial is harmless if it did not substantially and injuriously impact the jury's verdict. *Bond v. Beard*, 539 F.3d 256, 276 (3d Cir. 2008) (internal quotations omitted). The Court considers the totality of the evidence before the jury in determining prejudice and determines whether, in the absence of the errors, it is reasonably likely that the decision would have been different. *Strickland*, 488 U.S. at 696. If an ineffectiveness claim is more easily disposed of on the ground of lack of sufficient prejudice, the Court is instructed to take this approach and need not address the deficient performance prong. *Id.* at 697.

Finally, "[e]rrors that do not individually warrant habeas relief may do so when combined if their cumulative prejudice undermines the fundamental fairness of the trial." *Whitney v. Horn*, 99-cv-1993, 2008 WL 4761733, at *15 (E.D. Pa. Oct. 30, 2008) (citing *Fahy v. Horn*, 516 F.3d 169, 205 (3d Cir. 2008)). Cumulative errors are "not harmless if they had a substantial and

injurious effect or influence in determining the jury's verdict, which means that a habeas petitioner is not entitled to relief based on cumulative errors unless he can establish 'actual prejudice.'" *Fahy*, 516 F.3d at 205 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). In other words, the Court is required to "aggregate the prejudice caused by all the instances of error or counsel's deficient performance." *Moore v. Wakefield*, No.19-cv-576, 2021 WL 7711234, at *25 (E.D. Pa. March 30, 2021). However, "cumulative review is proper under *Strickland* only after the petitioner's claims surmount the first prong of the *Strickland* analysis." *Pursell v. Horn*, 187 F. Supp. 2d 260, 363 (W.D. Pa. 2022).

## IV. DISCUSSION

Petitioner asserts five claims, none of which support habeas relief for the reasons set forth below.

### a. Claim 1: Petitioner's Alibi Testimony

Petitioner's first claim asserts that the trial court violated Pennsylvania Rule of Criminal Procedure 567(B) and Petitioner's state and federal due process right to present a defense by preventing Petitioner from testifying to his own alibi. ECF No. 1 at 6.

Pennsylvania Rule of Criminal Procedure 567(B) requires a defendant to file notice for evidence offered to prove their defense, but notice is not required when only the defendant's own testimony is being offered. Pa.R.Crim.P. 567(B). Although it would have been proper for the court to exclude witness testimony had Petitioner tried to introduce witness testimony to corroborate his alibi without notice, Petitioner instead only offered his own alibi testimony. Therefore, notice was not required under Pennsylvania law. As the trial court conceded in its opinion submitted to the Superior Court (*Commonwealth v. Smith*, CP-51-CR-9240-2015, 2687 EDA 2016 (Phila. C.C.P.

8

Feb. 13, 2017) at 5), the trial court erred when it struck, for a failure to provide timely notice, Petitioner's own testimony that he was at Broad and Olney at the time of the robbery.[2]

Regardless of the lower court's evidentiary ruling, the Supreme Court has held that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780, (1990); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984). Similarly, district courts have noted that "a violation of state law . . . is insufficient to merit federal habeas relief." *Logan v. Vaughn*, 890 F. Supp. 427, 431 (E.D. Pa. 1995) (finding that a violation of Pennsylvania Rule of Criminal Procedure 305(B) does not give rise to habeas corpus relief); *see also Picarella v. Farrell*, 13-cv-676, 2013 WL 3970789, at *2 (E.D. Pa. Aug. 2, 2013) (asserting that violations of state law or the Pennsylvania Constitution are not cognizable under federal habeas relief). Examining only the violation of Rule 567, this Court finds no relief can be granted.

However, a habeas court can grant relief based on a trial court's error only where the error so infected the entire trial that the resulting conviction violated the Due Process Clause. *See Estelle v. McGuire,* 502 U.S. 62, 70 (1991). This clearly did not occur here. Setting the trial court's error aside, there was substantial evidence introduced at trial to support a conviction of Petitioner.

---

[2] The trial court opined that any objection to the court's striking was waived by trial counsel's failure to raise it at the time of the ruling. On direct appeal, the Superior Court agreed with the trial court that Petitioner waived his claim by failing to make a timely, specific objection to the trial court. *Smith*, 2018 WL 1311889 at *3. The Superior Court further concluded, erroneously, that Petitioner failed to give appropriate notice of an alibi defense. *Id.* However, on PCRA appeal, the Superior Court noted that Petitioner did not set forth any alibi evidence in his PCRA petition or appellate brief that would have been subject to the notice requirements of Rule 567.. *Smith,* 2020 WL 7692795 at *5. Moreover, the court noted that the Petitioner neither identified an alibi witness nor claimed:

> that (1) [a] witness existed; (2) [a] witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

*Id.* (quoting *Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa. 2009) (citation omitted)).

9

The trial testimony of Marshall and Townsend not only confirmed Petitioner's identify but also verified that Petitioner possessed the knowledge that Marshall and Townsend had a large sum of money in their possession. Both witnesses testified at trial that Petitioner was one of the two men who robbed them. Trial Tr. vol 1, 25:14- 31:13; 64:12-72:7. Marshall and Townsend were shown security camera footage taken shortly before the robbery of two men entering their apartment building. *Id.* at 35:4-36:7; 60:16-61:3. Based on the black hooded jacket he wore, both witnesses positively identified one of the individuals in the video as the person who accompanied the Petitioner during the robbery. *Id.* at 35:23-36:7; 60:16-62:12. Townsend identified the other man as Petitioner. *Id.* at 61:2-4. Further, both witnesses testified that Petitioner had lived with them for about a year prior to the robbery and that Petitioner knew they usually withdrew their Social Security funds in the early hours of the morning on the first of the month because he had accompanied them many times prior. *Id.* at 22:9-22; 63:16-24. Therefore, Petitioner would have known when and where the witnesses would have had a large sum of cash in their home.

Moreover, counsel stipulated at trial that if Detective Linda Hughes had been called to testify, she would have confirmed that a search of the vehicle in which Petitioner was arrested yielded keys and a key fob. Trial Tr. vol 1, 95:6-16. At trial, Marshall confirmed that the same keys and fob provided access to his apartment (*id.* at 17:6-18:18), thus allowing Petitioner to enter the apartment building.

Further, as Judge Reid noted, though the trial judge did hear Petitioner's testimony that he was not in the victims' apartment building when questioned directly by his defense counsel, "the [trial] judge was also entitled to take into consideration the fact that Petitioner had a conviction for a *crimen falsi* within the past ten years." ECF No. 11 at 9; Trial Tr. vol 1, 114:24-115:4. Additionally, though the defense attorney did note during closing arguments several contradictions

and discrepancies in the testimonies of Marshall and Townsend (Trial Tr. vol 1, 116:25-127:20), the trial judge ultimately concluded, after weighing all the evidence put forth, that Petitioner did indeed commit the robbery.

Given the compelling evidence presented at trial, Petitioner cannot establish that the trial judge's mistake in striking Petitioner's testimony regarding his whereabouts during the robbery so infected the trial with unfairness as to render Petitioner's conviction a violation of his Due Process rights.

Accordingly, Petitioner is not entitled to habeas relief on this claim.

### b. Claim Two: Trial's Counsel's Failure to Provide Notice

Petitioner's second claim asserts that trial counsel was ineffective for failing to file an alibi notice as required by Pennsylvania Criminal Rule 567(B). ECF No. 1 at 8. This Court finds that trial counsel's failure to file an alibi notice was neither deficient performance nor prejudicial. Accordingly, habeas relief on this ground is not warranted.

As discussed *supra*, counsel was not obligated to provide prior notice before Petitioner testified as to his own whereabouts at the time of the robbery. As such, counsel's inaction could not be "so serious as to deprive the defendant of a fair trial" because counsel did not err under Pennsylvania Criminal Rule 567(B) in failing provide prior notice. *Strickland*, 488 U.S. at 687. And further, no prejudice could arise from a lack of error. Because counsel was not required to provide notice, counsel could not have been ineffective for failing to provide that notice.[3]

Thus, Petitioner is not entitled to habeas relief on this claim.

---

[3] This was the conclusion of the Pennsylvania Superior Court in considering this claim in Smith's PCRA appeal. *Smith,* 2020 WL 7692795 at *5.

### c. Claim Three: The Video Surveillance

Petitioner's third claim asserts that trial counsel was ineffective because they did not "raise the issue of the video footage." *Appendix to Petition* at (C), ECF No. 1-1 at 22. In support of this assertion, Petitioner maintains that he was not shown the video surveillance before trial that was used by the prosecution during the direct examination of Marshall and Townsend to identify the Petitioner in the location of and within the timeframe of the crime. *Id*. at 22-23. While Petitioner was provided with two black and white still images when asked to see the video, he attests that this evidence was not available to him during the discovery process. *Id*. In turn, he argues that this prejudiced him and impacted witness identification. *Id*.

In reviewing the appeal, the Pennsylvania Superior Court ultimately found that Petitioner waived this claim under Pennsylvania Rule of Appellate Procedure 2119(a)[4] for "fail[ing] to properly develop his claim and set forth application case law." *Smith,* 2020 WL 7692795 at *6. A state court may find that federal habeas relief is unavailable to a prisoner when the prisoner has failed to meet a state procedural requirement, and the state judgment rests on independent and adequate state procedural grounds. *Edney v. Pennsylvania Bd. of Prob. & Parole*, No. 19-cv-4456, 2021 WL 3934480, at *4 (E.D. Pa. July 29, 2021), *report and recommendation adopted sub nom. Edney v. Estock*, No. 19-cv-4456, 2021 WL 3929736 (E.D. Pa. Sept. 2, 2021) (citing *Walker v. Martin*, 562 U.S. 307, 315 (2011)). "A decision based on a state procedural rule is considered independent if it does not rely on the merits of the federal claim or rest primarily on federal grounds." *Id.* (citing *Harris v. Reed*, 489 U.S. 255, 260 (1989)). A state procedural ground is adequate if it "comport[s] with similar decisions in other cases such that there is a firmly

---

[4] Pa.R.A.P. 2119(a), in part, states that the argument shall include "citation[s] of authorities as are deemed pertinent." 210 Pa. Code § 2119 (emphasis added).

established rule that is applied in a consistent and regular manner 'in the vast majority of cases.' *Id.* (citing *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989))). There is a firmly established rule that an appellant waives a claim by failing to develop the claim in a meaningful way. *See Tarn v. Baker*, 287 A.3d 878 (Pa. Super. Ct. 2022) (finding that appellant waived a claim "by omitting any discussion of supporting case law . . . and neglecting to discuss the law in relation to her claim"); *see also Commonwealth v. Walter*, 966 A.2d 560, 566 (Pa. 2009) (concluding that claims of appellant were "waived for failure to develop them in any meaningful fashion capable of review"). Therefore, this Court finds that Petitioner waived this claim when he neglected to meet the requirements of Pennsylvania Rule of Appellate Procedure 2119(a).

In the alternate, this Court finds, as did the Superior Court, that this claim should be rejected because Petitioner has not met the *Strickland* standard in showing prejudice insofar as "counsel's errors resulted in actual and substantial disadvantage to the course of his defense." *Strickland*, 466 U.S. at 682 (internal quotations omitted). As an initial matter, the PCRA court found no basis for concluding that the video and still photos were not provided before trial. *Smith*, 245 A.3d at *6. However, assuming that the video and photos were not provided before trial, it is not clear how this failure would have caused prejudice—and Petitioner makes no argument as to how it might have.

Further, "it is difficult to establish ineffective assistance where counsel's overall performance reflects active and capable advocacy." *Harrington v. Richter*, 562 U.S. 86, 111, 131 (2011). Here, defense counsel's overall performance did reflect active and capable advocacy. In their closing argument, defense counsel made numerous arguments challenging the video evidence used to identify Petitioner. Defense counsel pointed to: (1) the contradiction between Townsend's

13

and Marshall's testimonies identifying which man in the video was the Petitioner (Trial Tr. vol 1, 117:17-24); (2) the lack of evidence showing Petitioner entering Townsend and Marshall's specific floor (*id.* at 124:14-125:6); (3) Townsend and Marshall's troubled mental health history, including hearing voices and hallucinating, as a reason to doubt their credibility (*id.* at 121:18-122-2); and (4) motive and bias present in Townsend and Marshall in testifying against Petitioner (*id.* at 124:6-9). Defense counsel also argued that Townsend's and Marshall's testimony was fabricated to settle a dispute. *Id.* at 102:4-104:25. It is not clear to this Court what Petitioner having seen the video before trial would have added to Petitioner's case.

Thus, Petitioner is not entitled to habeas relief on this claim.

### d. Claim Four: Counsel's Failure to Preserve a Weight of the Evidence Claim

Petitioner's fourth claim[5] asserts that appellate counsel was ineffective for failing to raise on direct appeal the issue that the verdict was against the weight of the evidence.[6] *Appendix to Petition* at (C), ECF No. 1-1 at 23. As a basis for the claim, Petitioner argues that his conviction was based only on conflicting and contradictory testimony from the prosecution's only two witnesses. *Id.* at 23-25. Moreover, Petitioner asserts that the prosecution failed to meet its burden of proving Petitioner guilty beyond a reasonable doubt. *Id.* at 25.

While appellate counsel originally raised this issue in the first Statement of Errors Complained on Appeal (filed Dec. 7, 2016), appellate counsel removed the issue from the

---

[5] This Court follows Judge Reid in separating the two arguments Petitioner makes in his Count Four into two separate claims, of which this is the first.

[6] Petitioner's trial counsel addressed this claim in detail in a motion for extraordinary relief on July 28, 2016. *Smith*, 245 A.3d at *6 n.11. The trial court in its Rule 1925(a) opinion noted that while there were some inconsistencies in the testimonies, the judge was able to discern the material facts. *See* Commonwealth v. Smith, CP-51-CR-9240-2015, 2687 EDA 2016 at 7 (Phila. C.C.P. Feb. 13, 2017). Paired with the corroborating physical evidence of the keys, fob, and video surveillance, the court confirmed the weight of the evidence was not against the verdict. *Id.*

subsequent Statement of Errors Complained on Appeal (filed Jan. 4, 2017). *Appendix to Petition* at (C), ECF No. 1-1 at 23*; see also Appendix to Petition* at (D), ECF No. 1-1 at 39; *see also Smith*, No. 2687 EDA 2016, 2018 WL 1311889, at *2 n.5 (Pa. Super. Ct. Mar. 14, 2018) (noting that Petitioner abandoned his challenge to the weight of the evidence on appeal to the Superior Court). As a result, Petitioner raised this claim in his PCRA Petition (*Appendix to Petition* at (F), ECF No. 1-1 at 65) and in his PCRA appeal (*Appendix to Petition* at (D), ECF No. 1-1 at 39). In affirming the order of the PCRA court, the Superior Court employed the appellate standard of review of "the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Smith,* 2020 WL 7692795 at **6-7 (*citing Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013)). The court concluded that due to the strong evidence against the Petitioner, the PCRA court did not abuse its discretion is dismissing Petitioner's appeal. *Smith,* 2020 WL 7692795 at *7. Further, Petitioner failed to establish that the outcome of his appeal would have been different if appellate counsel had raised his weight of the evidence claim. *Id.*

Appellate counsel cannot be found ineffective under *Strickland* for failing to raise a meritless claim. *Laffler v. Cooper*, 566 U.S. 156, 167 (2012); *see also Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000); *Parish v. Fulcomer*, 150 F.3d 326, 328 (3d Cir. 1998). Here, raising the issue that the verdict was against the weight of the evidence would have been meritless. *See Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000) ("Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. . . . Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a

new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice."); *Commonwealth v. Hawkins*, 701 A.2d 492, 501 (Pa. 1997) ("The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses."); *Commonwealth v. Jackson,* 485 A.2d 1102, 1104 (Pa. 1984) (finding that an appellate court cannot substitute its judgment for that of the finder of fact). It was exclusively within the purview of the fact finder—the trial judge—to weigh and evaluate the evidence at trial. *See Garrison v. Wilson*, No. 07-cv-689, 2007 WL 3342377, at *4 (E.D. Pa. Nov. 8, 2007) (citing *Commonwealth v. Champney,* 832 A.2d 403, 408 (Pa. 2003) (holding that that the state court properly found that the weight of the evidence supported Petitioner's conviction for the crime of aggravated assault and as a result, counsel cannot be found ineffective for failing to raise a meritless claim)).

Given the strong evidence presented at trial against the Petitioner, in the form of witness testimony, and physical evidence including keys, fob, and video surveillance, the judge's ruling was not so contrary to the evidence as to shock one's sense of justice. Therefore, an appeal of the verdict for being against the weight of the evidence is without merit.

Thus, Petitioner is not entitled to habeas relief on this claim of ineffective appellate counsel.

### e. Claim Five: Counsel's Failure to Appeal the Trial Court's Denial of the Motion to Reconsider Smith's Sentence

Petitioner's final claim asserts that appellate counsel was ineffective for failing to appeal the trial court's denial of the Motion to Reconsider Petitioner's sentence. Petitioner's claim rests on the premise that the sentencing court did not give sufficient consideration to the sentencing factors in making the decision to deny the Motion to Reconsideration and further, they did not

state these factors on the record. *Appendix to Petition* at (C), ECF No. 1-1 at 27. Specifically, Petitioner points to his traumatic childhood and mental health issues as factors that should favor a more lenient sentence. *Id.* As a result, Petitioner submits that direct appellate counsel provided ineffective assistance when they did not raise this issue on direct appeal. *Id.*

The Pennsylvania Superior Court, in reviewing the PCRA Court's decision, found this claim waived under Pennsylvania Rules of Appellate Procedure, Section 2119(c)[7] because Petitioner did not cite to the sentencing transcript to support the allegation. *Smith,* 2020 WL 7692795 at *7. As noted in this Court's analysis of Petitioner's third claim involving another state procedural requirement, *supra*, a state court may find that federal habeas relief is unavailable to a prisoner when the prisoner has failed to meet a state procedural requirement, and the state judgment rests on independent and adequate state procedural grounds. *Edney*, 2021 WL 3934480 at *4.

Further, such a decision is considered independent if it does not rely on the merits of the federal claim or rests primarily on federal grounds, and adequate if it "comport[s] with similar decisions in other cases such that there is a firmly established rule that is applied in a consistent and regular manner 'in the vast majority of cases.'" *Id.* (citing *Banks*, 126 F.3d at 211 (quoting *Dugger*, 489 U.S. at 410 n.6)).

It is firmly established that an appellant waives a claim by failing to provide any citation to the record. *See Commonwealth v. Harris*, 979 A.2d 387, 393 (Pa. Super. Ct. 2009) ("When an allegation is unsupported any citation to the record, such that this Court is prevented from assessing this issue and determining whether error exists, the allegation is waived for purposes of appeal."); *see also Commonwealth v. Burch*, 2018 WL 2144665 at *8 (Pa. Super. Ct. 2018) (determining

---

[7] Pa. R.A.P. 2119(c) provides: "when the finding of, or the refusal to find, a fact is argued, the argument *must* contain a synopsis of all the evidence on the point, *with a reference to the place in the record where the evidence may be found*." 210 Pa. Code §2119(c) (emphasis added).

appellant's claim waived for failure to provide supporting citation or proof in the record for a "bald assertion" that evidence was improperly presented at trial); *Commonwealth v. Rogal,* 120 A.3d 994, 1005 n.16 (Pa. 2015) (determining appellant's argument waived for failure cite to any examples of testimony in the trial transcript); *Commonwealth v. Thoeun Tha*, 64 A.3d 704, 713 (Pa. Super. 2013) ("We have long held that [f]ailure to raise a contemporaneous objection to the evidence at trial waives that claim on appeal.") (internal citation omitted). Therefore, this Court finds that Petitioner waived this claim under Pennsylvania Rule of Appellate Procedure 2119(c).

In the alternate, this Court agrees with the Superior Court that this claim should be rejected because there is no merit to Petitioner's ineffectiveness claim. As an initial matter, Petitioner's sentencing claim provides no basis for habeas relief because "[s]entencing is generally considered a matter of state criminal procedure, which does not fall within the purview of the federal habeas corpus." *Rorie v. Beard,* No. 04-cv-3380, 2005 WL 825917, at *6 (E.D. Pa. Apr. 7, 2005) (citing *U.S. ex rel. Jackson v. Myers*, 374 F.2d 707, 711 n. 11 (3d Cir. 1967). This Court further agrees with the Superior Court that "[a] challenge to the discretionary aspects of sentence, even if raised by appellate counsel, would have been meritless. The [trial c]ourt made a clear and complete record regarding the reasons for the sentence imposed." *Smith*, 2020 WL 7692795 at *7 (citing *Commonwealth v. Smith*, CP-51-CR-9240-2015, *Order Sur PCRA Petition* (Phila. C.C.P. September 5, 2019) at 2 n.1 ¶ (4).

As in Claim Four, because it would also have been fruitless for appellate counsel to raise this issue on appeal, appellate counsel cannot be found ineffective under *Strickland* for failing to raise a meritless claim. *See Laffler*, 566 U.S. at 167; *see also Werts*, 228 F.3d at 202; *Parish*, 150 F.3d at 328. The judge at sentencing clearly addressed and carefully considered the sentencing factors defense counsel raised when making his decision. At sentencing, defense counsel

emphasized the unquestionably distressing facts of Petitioner's childhood and enduring mental health struggles as part of his plea for a more lenient sentence. *Commonwealth v. Smith* CP-51-CR-9240-2015, *Sentencing* (Phila. C.C.P. Aug. 1, 2016) at 25:4-29:22. Further, Petitioner's mother addressed the court to advocate for the defense counsel's stance in favor of leniency. *Id.* at 31:21-35:9. When invited to address the court directly, Petitioner maintained his innocence. *Id.* at 35:16-36:1. The judge explained to the Petitioner and counsel that the sentence he was going to impose was "appropriate and necessary to protect society and address the defendant's rehabilitative needs." *Id.* at 38:14-17. The judge added that he had "fully considered [Petitioner's] tragic personal history, which is detailed in the presentence report that [Petitioner's] counsel has addressed, and, if anything, . . . confirms that the defendant's rehabilitation would require an extended time period in custody." *Id.* at 38:17-23. The judge subsequently provided three additional reasons justifying Petitioner's sentence: (1) Petitioner's "extensive record of misconducts while in custody, both recent and not recent"; (2) "the conspicuous lack of remorse"; and (3) "an ample history of direct violations of supervision." *Id.* at 41:8-13. Despite the prosecution's recommendation for a fifteen to thirty-year sentence (*id.* at 30:11-31:2), the judge used his discretion in weighing all the factors and imposed a lesser sentence of eleven and a half to twenty-five years.

Thus, Petitioner is not entitled to habeas relief on this claim of ineffective appellate counsel.

V.   **CONCLUSION**

Because the Court finds that Petitioner's rights were not violated and his claims lack merit, the Court denies his Petition and Objections in their entirety and adopts Judge Reid's reasoned Report and Recommendation. Additionally, the Court declines to issue a certificate of

19

appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not shown that "reasonable jurists" would find this Court's assessment of the constitutional claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, no certificate of appealability will be issued. An appropriate order follows.

                                                    **BY THE COURT:**

                                                    /s/ Chad F. Kenney
                                                    _____
                                                    **CHAD F. KENNEY, JUDGE**